MICAELA ESCARTÍN WIDOW OF QUIÑONES, ET AL., Plaintiffs and Appellees, *v.* INSULAR POLICE COMMISSION ET AL., ETC., Defendants and Appellants.

No. 7307. Argued January 11, 1938.—Decided February 18, 1938.

*B. Fernández García*, Attorney General, and *Emilio de Aldrey*, Assistant Attorney General, for appellants. *Cayetano Coll y Cuchí* and *Víctor A. Coll* for appellees.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

This is an ordinary action for the recovery of money brought against the members of the Insular Police Commission and the Treasurer of Puerto Rico. The plaintiff alleges that she was pensioned in accordance with the Act (No. 68) of July 16, 1921 (p. 652) "to provide for the retirement of the members of the Insular Police Force of Porto Rico and fixing rules therefor," amended by Acts Nos. 86, 30, and 44, of August 20, 1926, April 20, 1929, ((1) page 196), and April 28, 1930 (page 358), respectively, and that on the 3d of May 1931 when the above act was repealed, there was due and unpaid to her under the pension granted, the amount of $4,462.

It is further alleged that the plaintiff is a member of a class and that a number of persons, who are mentioned in the complaint, are in a similar position to hers, and thus that the suit is brought in her name as a member of a class and on behalf of the others who are similarly situated.

Defendants alleged that the complaint did not state facts sufficient to constitute a cause of action, and the lower court sustained the demurrer judging that the proper remedy was a *mandamus* and not the above action. Since the complaint

could not be amended in this regard the lower court rendered judgment for defendants. Plaintiff appealed to this Court, which thereupon reversed the judgment on the ground that the action for the recovery of money was a proper one. *Escartín* v. *Insular Police Commission*, 47 P.R.R. 473.

After the case had been remanded to the lower court, the defendants admitted all the essential facts of the complaint, raising as their only defense that the pension fund created by the legislation, on which the plaintiff relies, became exhausted on May 3, 1931; that the new legislation does not provide means for the payment of pensions in arrears, and that therefore the defendant commission finds itself unable to satisfy the pensions claimed in this action.

The plaintiff moved for a judgment on the pleadings and the lower court, pursuant to said application, rendered judgment for the plaintiff and against the defendants for the amount owing to the plaintiff and for the amounts similarly owing to the persons described in the complaint, for whose benefit the plaintiff also brings this action. Defendants appeal from the above judgment alleging that the lower court erred in deciding that the plaintiff had a vested right to the accrued and unpaid pensions mentioned thus holding that judgment should be rendered for the plaintiff.

 The point raised by the appellants was considered in our former decision, in the course of which, numerous cases were cited which tended to show that pensions which are accrued and unpaid constitute a vested right. (*Escartín* v. *Insular Police Commission, supra.*) Appellants do not even mention the authorities referred to in the opinion delivered at that time, nor do they cite any case in conflict with the views expressed in those cases. We have likewise been unable to find any principle against the stated doctrine, which to us seems both reasonable and just. The most recent discussion concerning the general powers of the legislature to terminate a pension or modify one already granted appears

in the case of *City of Dallas* v. *Trammell,* 101 S.W. (2d) 1009, decided by the Supreme Court of Texas on February 11, 1937. From the many authorities cited in that case it appears that the courts, in considering this question, have always assumed that accrued pensions which have not been paid constitute a vested right. The assignment should be overruled.

██ Without an assignment of error to that effect, appellants argue that an action for the recovery of money does not lie when it is shown, as here, that there are no funds from which to satisfy the judgment which would be thus rendered academic. In our opinion, the question as to whether or not the action for the recovery of money is a proper one cannot be considered in this appeal as it has already been decided by us in the former appeal. As Judge Kenyon very well says in his opinion in the case of *Illinois Central R. R. Co.* v. *Crail,* 31 F (2d) 111, "though it is within the power of the courts to disregard the rule of law of the case in the interest of justice, it is the general practice of courts to refuse to re-open what has been decided." The law of this case is that the action for the recovery of money is a proper one. The interest of justice is not at all impaired by the application of the rule cited. Even if this were not so, the argument of the appellants is without merit. The judgment in this case will not necessarily be rendered academic by the fact that the defendants have no funds from which to pay it. Judgments against the People of Puerto Rico in actions for damages (tort actions) under Act No. 76 of April 13, 1916 (p. 154) as amended, are not academic because of the fact that there is no appropriation for their satisfaction. Although the legislature may have to provide the funds necessary for their execution, the above statute expressly authorizes suits which may result in judgments against the People of Puerto Rico.

The judgment appealed from should be affirmed.